UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-CR-13-RLW |
| **DEDRICK D. JORDAN,** | | |
| | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM

### I. Juvenile Convictions

Dedrick Jordan is being assessed 6 criminal history points for criminal convictions from when he was 15-years-old and 16-years-old. He was too young to get a California Driver's License but was certified as an adult and sentenced to the California Department of Corrections. He is now a 35-year-old man. Those convictions occurred almost two decades ago. Those same convictions are used under USSG §4B1.1(b) to enhance him to career offender status. Mr. Jordan's criminal history is overstated.

When eliminating Dedrick Jordan's teenage convictions, his Criminal History Category decreases to a level III (5 points) with an offense level of 33 for a Federal Sentencing Guideline Range of 168-210 months in the Federal Bureau of Prisons. This category is a result of a felony conviction in 2017, a traffic offense in 2016 and a point for being under supervision at the time of the current offense. This lower range is a substantial amount of incarceration and sufficient to reflect the seriousness of the offense and promote respect for law enforcement.

A fifteen-year-old is a child. Not an adult. There is a long line of Supreme Court cases that recognize the developments in our understanding of adolescent brain development. In *Roper v. Simmons*, 543 U.S. 551, 569 (2005), the Supreme Court recognized that juveniles under 18 were different: "as any parent knows and as the scientific and sociological studies tended to confirm, the youth are less mature, have less developed sense of responsibility and thus are more likely to make impetuous and ill-considered decisions." The Court went on to say that

juveniles are more vulnerable and susceptible to negative influences and outside pressure. Id.

Years later, in *Graham v. Florida*, 560 U.S. 48, 68, (2010), the Court found that "developments in psychology and brain science continue to show fundamental differences between juvenile and adult minds." In *Miller v. Alabama*, 567 U.S. 460, 471 (2012), the Court reaffirmed its findings in *Roper* and *Graham* that "children are different from adults for the purpose of sentencing, they have diminished culpability and greater prospects for reform; there is the greater possibility for recklessness, impulsivity and heedless risk-taking; more vulnerability to negative influences and outside pressures; less control over the environments; and a less fixed character than adults."

Despite those advancements in science and our understanding of adolescent brain development and the reflective understanding shown in the Supreme Court jurisprudence, Dedrick Jordan's juvenile convictions are treated as if they were committed when he was an adult and not a 15 or 16-year-old child.

This Court should utilize its discretion and grant a downward variance pursuant to 18 U.S.C. § 3553(a). An overstated criminal history "has always been" a permissible basis to vary downward. *United States v. Jimenez-Gutierrez,* 491 F.3d 923, 928 (8th Cir. 2007). The United States Supreme Court has also considered a defendant's age as a mitigating factor. *Gall v. United States*, 552 U.S. 38, 58 (2007).

In *United States v. Feemster*, 572 F.3d 455 (8th Cir. 2009), the Eighth Circuit reviewed whether a district court could properly vary downward based in part on the defendant's prior convictions being committed when he was a juvenile. In Feemster, the district court noted the defendant's guideline range of 92 to 115 months was increased to 360 months to life **because of two convictions the defendant received when he was a juvenile** (emphasis added). The court found the enhancements excessive and granted a downward variance to the mandatory minimum sentence of 120 months. After multiple remands, the Eighth Circuit eventually found the district court's justifications for variance were valid and the court was acting within its discretion in varying downward. Id at 463-64.

The childhood convictions of Mr. Jordan greatly distort his guideline range. His juvenile offenses raise the Criminal History Category from III to category VI and his sentencing guideline range increases from 168-210 months to 235 to 293 months. As in *Feemster*, this Court should exercise its discretion pursuant to 18

U.S.C § 3553(a) and grant a downward sentencing variance.

## II. Unwarranted Sentencing Disparities

When considering factors that may warrant a downward sentencing variance under 18 U.S.C. § 3553(a)(6), courts should attempt to avoid unwarranted sentencing disparities amongst co-defendants. In *United States v. Presley,* 547 F.3d 625 (6th Cir. 2008), the Court considered disparities of sentences of two co-defendants and observed that "the district court is not required to consider the type of disparity under section 3553(a)(6)." Id at 631. However, the Court observed that a district judge could "exercise his or her discretion and determine a defendant's sentence in light of a co-defendant's sentence." Id.

U.S. Probation Officer, Randi Heidecker states on page 12, paragraph 57 of Presentence Investigation Report that "According to investigative reports, Brendon Thomas and Joseph Holliman are equally culpable as they were partners who acquired large quantities of methamphetamine for Distribution within the Eastern District of Missouri. Dedrick Jordan and Terry Williams are next in culpability as they acted as the source of supply for methamphetamine and often oversaw drug shipments to the couriers. Terry Williams was identified as a member of a drug trafficking organization out of California." She states that "the drug trafficking organization was jointly run by Brendon Thomas and Joseph Holliman" (page 7 paragraph 29). Joseph Holliman was sentenced to 85 months imprisonment.

Terry Williams was arrested on September 24, 2020. Law enforcement officers in California were investigating a possible methamphetamine clandestine laboratory. The officers conducted an enforcement stop on a U-Haul cargo van driven by Terry Williams. He attempted to flee the cargo van but was detained. Law enforcement officers searched said van and discovered 30 five-gallon buckets containing liquid methamphetamine. The total weight of all buckets was 962 pounds with 115 gallons of liquid. Based upon conversion tables, the total finished product of methamphetamine would be consistent to having a total weight of 450 pounds of methamphetamine. (Page 11 paragraph 55 PSI). Terry Williams was sentenced to 120 months imprisonment.

When this Honorable Court is considering sentencing, it is entirely within your discretion, and appropriate to consider that two defendants deemed more culpable based on the facts and circumstances as stated by the U.S. Probation officer received 85 months imprisonment and 120 months imprisonment respectively.

## III. Offender Characteristics

Dedrick Jordan was raised by his mother. His father spent time in the California Department of Corrections and the family struggled financially. They had to live with family members when evicted from their rental apartments. At the age of 12, Dedrick fell victim to the gangs that infested his neighborhood and spent time in juvenile detention. He began smoking marijuana when he was 12 years old and continued its daily use until his arrest in 2020. U.S. Probation Officer, Randi Heidecker believes Mr. Jordan would benefit from participation in the Residential Drug Abuse Program (RDAP) while incarcerated (Page 20, paragraph 99 of P.S.I). Mr. Jordan asks this Honorable Court to recommend his placement in RDAP.

Despite these struggles, Dedrick earned his high school diploma while in juvenile custody. He has a valid California Driver's License and has maintained periods of gainful employment. An immense point of pride is his son Demajae Jordan, who was awarded a football scholarship to the University of Southern California. A variance from the prescribed guideline range may be warranted based upon the history and characteristics of Mr. Jordan.

A defendant's guideline range is advisory. *United States v. Booker*, 543 U.S. 220, 244 (2005). Under *Booker* and its progeny, sentencing courts may not treat the applicable guideline range as presumptively reasonable. *Nelson v. United States*, 129 S.Ct. 890 (2009). Instead, the advisory guideline range must be weighed against the other factors listed in 18 U.S.C. § 3553(a). *Kimbrough v. United States*, 128 S.Ct. 558, 564 (2007). In the pursuit of a just sentence, district courts may devise policies and impose sentences that are at odds with the policies articulated by the Federal Sentencing Guidelines. *Spears v. United States*, 129 S.Ct. 840 (2009). Regardless of what the applicable guideline range suggests, 18 U.S.C. § 3553(a) directs the district courts to impose a sentence no longer than necessary to accomplish the purposes of punishment pursuant to § 3553.

18 U.S.C. § 3553(a), calls upon courts to recognize relevant differences amongst defendants, even defendants with the same base offense level or guideline range. In arriving at a final sentence, the Court should impose a sentence no longer than necessary to (A) reflect "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" (B) deter future criminal conduct; (C) protect the public from the defendant and (D) provide the defendant with the "needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553.

WHEREFORE, counsel is requesting this Honorable Court grant a downward sentencing variance pursuant to 18 U.S.C. § 3553(a) and impose the mandatory minimum sentence of 60 months or any other reduction this Court deems fair and equitable.

Respectfully submitted,

/S/ JOSEPH M. HOGAN

Joseph M. Hogan, 47008MO
Attorney for Defendant
7710 Carondelet, Ste. 404
Clayton, Missouri 63105
(314) 863-9898
jmhogan4090@sbcglobal.net

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically delivered to:

United States Attorney's Office
111 South 10th Street
St. Louis, Missouri 63102

This 18th day of January 2024.

/S/ JOSEPH M. HOGAN