IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION - ST. LOUIS
BEFORE THE HONORABLE RONNIE L. WHITE
DISTRICT JUDGE

UNITED STATES OF AMERICA, )
)
Government, ) Case Number
vs. ) 4:21-CR-00013-RLW-3
)
DEDRICK DESHON JORDAN, )
)
Defendant. )

==============================================================

- FRYE HEARING -

JULY 6TH, 2023

==============================================================

APPEARANCES

For the Government:
Paul D'Agrosa, AUSA
U.S. ATTORNEY'S OFFICE
111 South 10th Street
St. Louis, MO 63102

For the Defendant:
Joseph M. Hogan, Esq.
JOSEPH M. HOGAN, ATTORNEY AT LAW
7710 Carondelet, #404
Clayton, MO 63105

Stenographically Reported & Produced by:
LINDA NICHOLS, RDR, CRR
Official Court Reporter
United States District Court
Eastern District of Missouri
111 South 10th Street, Third Floor
St. Louis, MO 63102

- FRYE HEARING -

JULY 6TH, 2023

PROCEEDINGS IN OPEN COURT
AT 11:30 A.M.:

THE COURT: Counsel, are you ready to proceed?

MR. D'AGROSA: Yes, Your Honor.

MR. HOGAN: Yes, Your Honor.

THE COURT: This is *The United States vs. Brendon Darnell Thomas, et al*. This Defendant is Dedrick Deshon Jordan. The Cause Number is 4:21-CR-13-RLW-3. The Government is represented by Assistant United States Attorney Paul D'Agrosa. Defense counsel is Joe Hogan.

Mr. Jordan, we're here this morning to have a Frye hearing. Have you had an opportunity to speak to Mr. Hogan about that?

THE DEFENDANT: Yes, sir.

THE COURT: A Frye hearing is a hearing where the Court has to determine whether or not there has been a formal plea offer made to you on terms that may be acceptable and favorable to you. That discussion would take place between you and Mr. Hogan. Do you understand that?

THE DEFENDANT: Yes, I do, sir.

THE COURT: Was a formal plea offer made to you in this case?

THE DEFENDANT: Yes, sir.

THE COURT: Was it made in writing?
THE DEFENDANT: Yes, sir.
THE COURT: Was the offer formally presented to you by Mr. Hogan?
THE DEFENDANT: Yes, sir.
THE COURT: Was there a time limit on its acceptance?
THE DEFENDANT: Yes, sir.
THE COURT: If so, do you know what the date was or is?
THE DEFENDANT: I'm not sure.
THE COURT: Did Mr. Hogan communicate the terms of the offer to you?
THE DEFENDANT: Yes, he did.
THE COURT: Did you understand them?
THE DEFENDANT: Yes, I did.
THE COURT: Did he answer all of your questions?
THE DEFENDANT: Yes, sir.
THE COURT: Did you make any efforts to accept the plea agreement offer by the Government?
THE DEFENDANT: No, sir.
THE COURT: Did you reject the offer?
THE DEFENDANT: Yes, I did.
THE COURT: If so, how did you do that?
THE DEFENDANT: I just informed my attorney that I wasn't willing to take the offer.
THE COURT: Mr. D'Agrosa, what is the Guideline range

of exposure for this defendant if he proceeds to trial and is found guilty on the charges to which the Government gave a plea offer?

MR. D'AGROSA: Judge, Mr. Jordan is charged in Counts One and Seven. Count One is the conspiracy regarding the actual methamphetamine and Count Seven is the money laundering conspiracy.

Basically, he's looking at -- the amount of methamphetamine seized in this case would probably result in a range of 360 months to life for Mr. Jordan if the Government prevails at trial. There is a statutory maximum on the money laundering offense, so that would just be subsumed by the drug charges. But we have 15 kilograms of actual methamphetamine seized in this case, plus the additional methamphetamine we would prove through the testimony of the witnesses. Given his criminal history, that's 360 to life, Your Honor.

The offer the United States made was to dismiss Count Seven, the money laundering offense. Mr. Jordan would plead to Count One. We would stipulate to in excess of 4.5 kilograms of actual methamphetamine. We estimated a Total Offense Level of 35. I don't know his specific Criminal History Category but a level 35, even with a Criminal History Category of III, would be 210 to 262 months, and the plea agreement allowed for Mr. Jordan to argue for whatever sentence he thought was appropriate. He's not bound by a Guideline sentence in this

case.

THE COURT: And the range would be, on Count One, 360 to life?

MR. D'AGROSA: Upon conviction after trial, Your Honor.

THE COURT: Upon conviction.

MR. D'AGROSA: Yes.

THE COURT: Do you understand that, Mr. Jordan?

THE DEFENDANT: Yes, sir.

THE COURT: And Mr. D'Agrosa, if he were to plead guilty, specifically what would be the range of punishment for him? Is it 210 to 262?

MR. D'AGROSA: 210 to 262, and that's estimating his Criminal History Category of III, Your Honor. If it's less, then the range goes down. If it's more, if his criminal history is more, then the range goes up. Again, he's free to argue for whatever sentence he thinks is appropriate.

There was no counteroffer, so there haven't been any further discussions about how to change those numbers.

THE COURT: Mr. Jordan, did you discuss this issue with Mr. Hogan?

THE DEFENDANT: Yes, I did, sir.

THE COURT: Did he answer your questions about it?

THE DEFENDANT: Yes.

THE COURT: Do you understand the range of punishment you would be exposed to if you were to be found guilty after

trial, if the Government meets its burden of proof to the jury of proving you guilty beyond a reasonable doubt?

THE DEFENDANT: Yes, sir.

THE COURT: You do understand that?

THE DEFENDANT: Yes.

THE COURT: Do you understand now that the sentence you may be subject to if you were to proceed to trial and found guilty will likely be more severe than the sentence you could be subject to if you accepted the plea offer and pled guilty?

THE DEFENDANT: Yes, sir.

THE COURT: In light of that fact, do you wish to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Do you wish to proceed to trial?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand, Mr. Jordan, that after trial if the Government meets its burden of proof and you're found guilty beyond a reasonable doubt, that you're exposed to the sentence of 360 to life on Count One? Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you also understand you would likely lose some levels of reduction on the Total Offense Level because you went to trial versus accepting the Government's plea? Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you also understand that if you were to be found guilty after trial, it is likely you would be detained until your sentencing date and not be allowed to remain on pretrial release?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Hogan, did you discuss all of these possibilities with Mr. Jordan?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you believe he understands the range of punishment he would be exposed to if he were to accept the Government's plea offer versus what would happen or could happen if he were to go to trial?

MR. HOGAN: Yes, Your Honor.

THE COURT: Did you answer all of his questions?

MR. HOGAN: I believe so, Your Honor.

THE COURT: Do you believe that Mr. Jordan clearly understands the exposure that he has here?

MR. HOGAN: Yes, Your Honor.

THE COURT: Mr. Jordan, in light of all that we've talked about in the last few minutes, do you still wish to proceed to trial?

THE DEFENDANT: Yes, sir.

THE COURT: Well, counsel, we can take up the pretrial regarding the trial date, so we need to get Mr. Schottel back in here.

MR. HOGAN: I'll grab him. He's right outside.

THE COURT: I need to talk to both of you at the same time about the trial.

MR. D'AGROSA: Yes.

(Brief discussion off the record.)

(Mr. Schottel entered the courtroom.)

THE COURT: Mr. Schottel, we're going to now proceed with pretrial discussion of a possible trial date. What I'd like to do is ask Mr. D'Agrosa what dates he would have available since he has to gather up all his witnesses. He can tell us when they might be available and he might be available. Then I'll start with whatever conflicts you might have.

As far as the Court is concerned, I'll give two dates when I have nothing on the docket and we can start the trial. That would be September 25th, 2023, or October 9th, 2023.

MR. D'AGROSA: All right, Judge. So right now as far as conflicts, Mr. Schottel and I are scheduled for trial on September 25th in front of Judge Schelp and that is a firm setting. That's a matter that's even older than this case in front of the Court.

THE COURT: Well, then it takes precedence.

MR. D'AGROSA: It has been kicked around a long time.

It involves a conspiracy as well as a homicide. So Judge Schelp indicated that case is going to trial, no matter what, on the 25th. That's what we've prepared for.

I do not have any other trial settings before September 25th. In other words, the month of August is available to the United States.

MR. HOGAN: Your Honor, I have a lot of availability in August with the exception of the week of the 7th. I would be available on the 14th, the 21st, the week of the 28th, and even September 5th or September 4th.

THE COURT: Mr. Schottel, how about you?

MR. SCHOTTEL: In August I'm open the 21st and the 28th.

MR. HOGAN: The 21st would work better for me than the 28th.

THE COURT: How about the 28th? Is there any way you can do that date, Mr. Hogan?

MR. HOGAN: I'll make it work, Your Honor.

THE COURT: Mr. D'Agrosa?

MR. D'AGROSA: Yes, Your Honor.

THE COURT: Mr. Schottel?

MR. SCHOTTEL: Yes, Judge.

THE COURT: All right. Now, if we're going to set the trial for the 28th, I need to know if you're going to make a joint motion for continuance or if it's just going to be the

Government and, if so, you can make the oral motion in court.

MR. HOGAN: Your Honor, my situation is different because my client is on bond.

THE COURT: Right.

MR. HOGAN: So, Your Honor, I will make that oral motion to join with the Government for the date of August 28th.

THE COURT: Mr. Hogan, it would be helpful if you had your client sign a Speedy Trial Waiver.

MR. HOGAN: I will prepare one, Your Honor, and I'll have it filed. Actually, since my client lives -- I'm driving him to the airport literally after this. Do you remember in the old days we used to have, like in state court, the blank memorandums?

THE COURT: We don't have those here.

MR. HOGAN: Your Honor, what I'll do is I'll email my office and I'll file it electronically. So, yes, Your Honor, I'll have one filed within a week's time.

THE COURT: Mr. Schottel, will you be joining that motion?

MR. SCHOTTEL: Yes, Your Honor.

THE COURT: And, of course, Mr. D'Agrosa?

MR. D'AGROSA: Yes, Your Honor, I would consider that a joint motion, obviously.

THE COURT: Okay. The 28th it is.

Is there anything else we need to take care of this

morning?

If there are any changes -- Mr. Schottel and Mr. D'Agrosa, you keep talking and if anything happens, let me know.

Mr. Hogan, if your client wants to continue to talk to the Government, I'm sure Mr. D'Agrosa is willing to do so.

MR. HOGAN: Of course, Your Honor.

THE COURT: But if nothing happens between now and then, we'll have the trial on Monday, August 28th.

MR. D'AGROSA: Yes, Judge.

I expect we can contact Susan at some point for a Final Pretrial Conference date?

THE COURT: Yes.

MR. D'AGROSA: So we can go over any pending motions and if there may be any other matters.

THE COURT: Yes, she will look. It will likely be the week before trial. I try to have them on Wednesday so everybody knows what we're going to be doing on Monday.

MR. D'AGROSA: Perfect. Thank you, Your Honor.

MR. HOGAN: Thank you, Your Honor.

THE COURT: That will conclude this hearing. Thank you.

- RECESS AT 11:42 A.M. -

- REPORTER'S CERTIFICATE -

I, Linda C. Nichols, Registered Diplomate Reporter and Certified Realtime Reporter, do hereby certify that I am a duly appointed Official Court Reporter for the United States District Court, Eastern District of Missouri, and that the foregoing is a true and accurate reproduction of the Frye hearing on July 6th, 2023, in the matter of:

UNITED STATES OF AMERICA

vs.

DEDRICK DESHON JORDAN

Case Number 4:21-CR-00013-RLW-3

I further certify that this transcript consists of pp. 1-12 inclusive.

Dated: April 5th, 2024.

\s\ Linda Nichols
Linda Nichols, RDR, CRR
Official Court Reporter
United States District Court
Eastern District of Missouri