UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21CR00013 RLW |
| | ) | |
| DEDRICK JORDAN, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATE'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
TO REMAIN ON BOND PENDING APPEAL**

Comes now the United States of America by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri and Paul J. D'Agrosa, Assistant United States Attorney, and in response to Defendant's motion to remain on bond pending appeal, submits as follows:

## I.      INTRODUCTION

Defendant (hereafter "Defendant" or "Jordan") entered a plea of guilty to the lesser-included offense in Count 1 of the indictment, admitting involvement in a conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§841(a)(1) and 846. Defendant admitted in his plea that during the investigation of Jordan and his co-conspirators, an excess of 15 kilograms of methamphetamine was seized. The Defendant stipulated and agreed that he was responsible for at least 1.5 but less than 4.5 kilograms of actual methamphetamine.

Defendant appeared for sentencing on March 26, 2024 and was sentenced to serve a term of imprisonment of 235 months, which represented a Guidelines sentence (See Doc. #976). According to the presentence investigation report (PSR), Jordan's Total Offense Level was 33 and

his Criminal History Category was VI, resulting in a Guidelines imprisonment range of 235 months to 293 months.

Following the sentencing hearing, Defendant was allowed to remain on pretrial release, pending designation to the Bureau of Prisons and his expected voluntary surrender. Jordan filed a notice of appeal on March 26, 2024 and then filed a motion to remain on bond pending his appeal (Doc. #983). For the reasons stated herein, Defendant's motion should be denied.

## II.      ARGUMENT

Defendant's motion relies upon the provisions of 18 U.S.C. §3143(b), which governs release or detention pending appeal by the defendant. Defendant proffers that clear and convincing evidence exists that he is not likely to flee nor does he pose a danger to any other person or the community, based upon his good behavior while on bond (See Doc. #983, pg. 1). The United States agrees that Section 3143(b) governs whether or not Defendant may remain on bond pending appeal however, Defendant has failed to apprise this Court or acknowledge the remaining provisions of Section 3143(b). The entire statute is provided below:

(b)RELEASE OR DETENTION PENDING APPEAL BY THE DEFENDANT.—

(1 ) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; **and**
(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
(i) reversal,
(ii) an order for a new trial,
(iii) a sentence that does not include a term of imprisonment, or
(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in

subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

As an initial matter, the United States disputes that Jordan has demonstrated by clear and convincing evidence that he is not a flight risk nor poses a danger. While the Defendant proffers that his previous conduct on bond satisfies the initial prong of Section 3143(b)(1), he has not in fact presented any 'evidence' to the Court. Defendant only proffers that he has been on bond for extended amount of time and behaved well. In spite of the fact that this Court acknowledged at sentencing that Pretrial Services was recommending Defendant remain on bond after sentencing, no "evidence" was presented by Jordan to clear the first prong of 3143(b).

But even if this Court were to conclude that Defendant does not pose a flight risk or danger to any person or the community, Defendant must also satisfy the second prong of Section 3143(b). This prong of the statute requires that Defendant also demonstrate that the appeal is not for the purpose of delay and that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. §3143(b)(1)(B)

The United States submits that Defendant's purpose in filing a notice of appeal was wholly for the purposes of delaying his inevitable surrender to serve a substantial sentence of 235 months. The United States further submits that there are no substantial issues of law or fact that are likely to result in reversal of his conviction and sentence. The other provisions of Section 3143(b)(1)(B) do not apply as Jordan pleaded guilty (so he cannot seek a new trial), he was already sentenced to

a term of imprisonment and there are no issues on appeal that would result in a reduced sentence to time served.

Defendant cannot demonstrate any substantial issues of law or fact exist which are likely to result in reversal of his plea of guilty, conviction and sentence. Defendant's sentence was imposed pursuant to a Guilty Plea Agreement (GPA) (Doc.# 863), which contained a section entitled WAIVER OF APPEAL AND POST-CONVICTION RIGHTS (Doc. #863, pp. 7-8). The waiver provided the following:

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

Defendant has, by virtue of the GPA, waived his right to appeal his sentence, as he received a sentence within the Guidelines Total Offense Level as agreed to by the parties. Defendant did not object to the PSR and specifically to the Guidelines Calculations contained therein, nor did he object to the PSR's conclusions regarding his criminal history. Additionally, Defendant did not object to the Court's findings of fact, conclusions of law or the manner in which the Court conducted the sentencing hearing. Because of the provisions of the GPA and the appellate waiver contained therein, Defendant's frivolous appeal is subject to a motion to dismiss by the United States, in order to enforce the terms of the agreement. The United States intends to file such a motion to dismiss, in order to enforce the terms of its agreement with Jordan. Given the plain and obvious language of the GPA, the sentence imposed by the Court, and Defendant's attempt to evade the provisions of 18 U.S.C. §3143(b), this Court can only conclude that the purpose of Defendant's notice of appeal is to delay his service of a sentence of imprisonment and nowhere does Jordan assert the existence of any substantial question of law or fact likely to result in reversal of his conviction and sentence.

### III.    CONCLUSION

WHEREFORE, for the reasons stated herein, the Government respectfully requests that the Court deny Defendant's motion to remain on bond pending appeal and further, order that upon notice by the U.S. Marshals Service of his Bureau of Prisons designation and date of self-surrender, that Defendant thereafter surrender to serve his sentence.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


*s/ Paul J. D'Agrosa*
PAUL J. D'AGROSA (#36966MO)

Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel for Defendant.

*s/ Paul J. D'Agrosa*
Assistant United States Attorney