**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CR-13 RLW |
| | ) | |
| DEDRICK DESHON JORDAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This closed criminal case is before the Court on Defendant Dedrick Deshon Jordan's Motion to Remain on Bond Pending Appeal (ECF No. 983). The United States filed a Response in Opposition to the motion (ECF No. 989). Defendant did not file a Reply in support of his motion and the reply time has passed. For the following reasons, the motion is denied.

**Background**

Defendant entered a plea of guilty to the lesser-included offense in Count 1 of the Indictment, admitting involvement in a conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant admitted in his plea that during the investigation of Jordan and his co-conspirators, an excess of 15 kilograms of methamphetamine was seized. Defendant stipulated that he was responsible for at least 1.5 but less than 4.5 kilograms of actual methamphetamine.

Defendant appeared for sentencing on March 26, 2024 and was sentenced to serve a term of imprisonment of 235 months, which represented a Guidelines sentence (see ECF No. 976). According to the presentence investigation report ("PSR"), Defendant's Total Offense Level was 33 and his Criminal History Category was VI, resulting in a Guidelines imprisonment range of 235 months to 293 months.

The Court allowed Defendant to remain on pretrial release after sentencing, pending designation to the Bureau of Prisons and his expected voluntary surrender. Defendant filed a notice of appeal on March 26, 2024, and then filed the instant motion to remain on bond pending his appeal. The United States Marshals Service issued an order on April 16, 2024 (ECF No. 995) that directs Defendant to surrender to the facility at FCI Mendota on May 7, 2024.

**Legal Standard**

Title 18 of the United States Code, section 3143(b)(1) provides:

> **(b) Release or detention pending appeal by the defendant.—(1)** [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

In discussing § 3143(b)(1), the Eighth Circuit has explained that the "Bail Reform Act of 1984 made it much more difficult for a convicted criminal defendant to obtain his release pending appeal. The Act's intent 'was, bluntly, that fewer convicted persons remain at large while pursuing their appeals.'" United States v. Marshall, 78 F.3d 365, 366 (8th Cir. 1996) (quoting United States v. Powell, 761 F.2d 1227, 1231 (8th Cir. 1985) (en banc)).

The defendant has the burden of showing the merit of the appeal. Powell, 761 F.2d at 1232. To meet this burden, a defendant "must first show that the question presented by the appeal is substantial, in the sense that it is a close question or one that could go either way." Id. at 1233-34. It is insufficient for a defendant to show the issue is fairly debatable, but a defendant is not required to show it is likely that he will prevail on the issue on appeal. Id. at 1234. If the defendant satisfies the first part of the test, "the defendant must then show that the substantial question he or she seeks to present is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." Id.

**Discussion**

Defendant's motion asserts that pursuant to 18 U.S.C. § 3143(b), the Court can permit him to remain on bond pending appeal if it finds by clear and convincing evidence that he is not likely to flee or pose a danger to the community if released. Defendant further asserts that he has proved through his sixteen months on bond that he will not flee or pose a danger to the community.

Even assuming Defendant can establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released, his motion fails to address the statute's second requirement. Defendant therefore fails to meet his burden to demonstrate that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. §3143(b)(1)(B).

The Court finds that release on bond pending appeal is not warranted. Defendant's motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dedrick Deshon Jordan's Motion to Remain on Bond Pending Appeal (ECF No. 983) is **DENIED**.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 18th day of April, 2024.