UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) No. 4:21CR00013 RLW
)
DEDRICK JORDAN, )
)
Defendant. )

**UNITED STATE'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER DENIAL OF HIS MOTION TO REMAIN ON BOND PENDING APPEAL**

Comes now the United States of America by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri and Paul J. D'Agrosa, Assistant United States Attorney, and in response to Defendant's motion to reconsider denial of his motion to remain on bond pending appeal (Doc. #999), submits as follows:

## I.      **INTRODUCTION**

Defendant (hereafter "Defendant" or "Jordan") entered a plea of guilty to the lesser-included offense in Count 1 of the indictment, admitting involvement in a conspiracy to distribute and possess with intent to distribute actual methamphetamine, in violation of 21 U.S.C. §§841(a)(1) and 846. Defendant admitted in his plea that during the investigation of Jordan and his co-conspirators, an excess of 15 kilograms of methamphetamine was seized. The Defendant stipulated and agreed that he was responsible for at least 1.5 but less than 4.5 kilograms of actual methamphetamine, which resulted in a base offense level of 36. Defendant was deemed a Career Offender and therefore, his Criminal History Category was VI. (See, PSR, Doc. #964, pp. 13, 17)

After an adjustment for acceptance of responsibility, Jordan's Total Offense Level was correctly calculated at 33, with a sentencing range of 235 to 293 months imprisonment.

Defendant appeared for sentencing on March 26, 2024 and was sentenced to serve a term of imprisonment of 235 months, which represented a Guidelines sentence (See Doc. #976).

Following the sentencing hearing, Defendant was allowed to remain on pretrial release, pending designation to the Bureau of Prisons and his expected voluntary surrender. Jordan filed a notice of appeal on March 26, 2024 and then filed a motion to remain on bond pending his appeal (Doc. #983). That motion was denied. (Doc. # 997). Defendant has been designated by the Bureau of Prisons and has received notice that his surrender date is May 7, 2024, when he is required to report to FCI Mendota, California. (Doc. #995)

Defendant has now filed a motion to reconsider the denial of his motion to remain on bond. He ostensibly provides three reasons for this Court to reconsider: 1) Jordan's mother is having eye surgery and needs defendant to drive her to the surgery; 2) Jordan's criminal history was incorrectly calculated, based upon a conviction that should not have been counted; and 3) Jordan believes his conviction and sentence will be reversed in a yet-to-be-filed motion for postconviction relief under 28 U.S.C. §2255. For the reasons stated herein, defendant's motion to reconsider should be summarily denied.

## II. ARGUMENT

Defendant's motion to reconsider again relies upon the provisions of 18 U.S.C. §3143(b), which governs release or detention pending appeal. Defendant proffers that he needs to remain on bond in order to drive his mother to eye surgery, coincidentally scheduled for May 7, 2024, the date he is to surrender to serve his sentence. Defendant again proffers that that he is not likely to flee nor does he pose a danger to any other person or the community, based upon his good behavior

while on bond. But as the United States has previously pointed out, Section 3143(b) governs whether or not Defendant may remain on bond pending appeal and defendant must satisfy the additional burden that the appeal will likely result in reversal, a new trial, a sentence that does not include a term of imprisonment or that he will ultimately receive a term of imprisonment that will equate to "time served" when the appeal process is completed.

The United States maintains that Jordan has not demonstrated by clear and convincing evidence that he is not a flight risk nor poses a danger. While the Defendant proffers that his previous conduct on bond satisfies the initial prong of Section 3143(b)(1), he has not in fact presented any 'evidence' to the Court. Defendant only proffers that he has been on bond for extended amount of time and behaved well. In spite of the fact that this Court acknowledged at sentencing that Pretrial Services was recommending Defendant remain on bond after sentencing, no "evidence" was presented by Jordan to clear the first prong of 3143(b). And defendant fails to apprise the Court in his latest pleading as to why nobody else in the State of California is available to drive his mother to surgery on May 7. Certainly, a member of defendant's extended family can drive her or she can take a taxi or an Uber or a Lyft.

But even if this Court were to conclude that Defendant has met the first prong, defendant must also satisfy the second prong of Section 3143(b). This prong of the statute requires that defendant also demonstrate that the appeal is not for the purpose of delay and that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. §3143(b)(1)(B).

Defendant submits in his motion to reconsider that his criminal history was overstated because probation counted a prior conviction that had been vacated by the California courts. The government concedes that based upon the opinion rendered in the California Court of Appeals, Case number B280325, defendant's prior convictions for possession of a firearm by a felon and possession of a firearm with a prior violent felony conviction were vacated. (See, Exhibit B, Doc. #992). However, defendant fails to understand that even if his criminal history points were miscalculated, i.e. 4 too many points were assessed, defendant's criminal history includes at least two prior convictions for a crime of violence (both robberies) and therefore, he is a Career Offender. Pursuant to U.S.S.G Section 4B1.1(b), defendant's criminal history will always be a VI, no matter the number of criminal history points assessed.

In addition, the base offense level was correctly calculated at 36, based upon the drug quantity to which defendant stipulated – between 1.5 and 4.5 kilograms of actual methamphetamine. The applicable offense level for this quantity of drugs is a 36, which in fact is greater than the Career Offender base offense found in the Table of Section 4B1.1(b). In other words, the probation office correctly calculated the Total Offense Level as 33 (base offense 36, minus 3 for acceptance), and a criminal history category of VI (career offender), with an applicable range of 235 to 293 months. Therefore, there are no legal or factual grounds to support defendant's contention that this Court would have sentenced Jordan to substantially less than 235 months imprisonment.

And again, even if the Court were so inclined, any resentencing would not be to a sentence of time served. If this Court were to accept defendant's faulty argument that his correct Guidelines range should have been 188 to 235 months, he in fact received a sentence within the applicable

guidelines range and therefore, Jordan cannot meet the burden of 3143(b) nor does he have any grounds to appeal.

Finally, defendant proffers that he has grounds to collaterally attack his conviction and sentence, because his previous counsel did not tell Jordan that he would be a Career Offender. Even if the government were to concede this, and it emphatically does not, he would not be entitled to withdraw from his guilty plea. At best, he might have another bite at the apple at sentencing. This possibility does not however create a statutory basis to remain on bond, as Section 3143(b) only refers to direct appeals, not motions to set aside guilty pleas or post-conviction petitions.

### III.     <u>CONCLUSION</u>

WHEREFORE, for the reasons stated herein, the Government respectfully requests that the Court deny Defendant's motion to reconsider the denial of his motion to remain on bond pending appeal.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*s/ Paul J. D'Agrosa*
PAUL J. D'AGROSA (#36966MO)
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel for Defendant.

*s/ Paul J. D'Agrosa*
Assistant United States Attorney