# United States Court of Appeals
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Maureen W. Gornik**
*Acting Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

July 25, 2024

Paul Joseph D'Agrosa
U.S. ATTORNEY'S OFFICE
Eastern District of Missouri
Room 20.333
111 S. Tenth Street
Saint Louis, MO  63102-0000

        RE:  24-1663  United States v. Dedrick Jordan

Dear Counsel:

        Enclosed is a copy of the dispositive order in the referenced appeal. Please note that FRAP 40 of the Federal Rules of Appellate Procedure requires any petition for rehearing to be filed within 14 days after entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. This court strictly enforces the 14 day period. Except as provided by Rule 25(a)(2)(iii) of the Federal Rules of Appellate Procedure, **no grace period for mailing is granted** for pro-se-filed petitions. A petition for rehearing or a motion for an extension of time must be filed with the Clerk's office within the 14 day period.

                        Maureen W. Gornik
                        Acting Clerk of Court

DNS

Enclosure(s)

cc:     Clerk, U.S. District Court, Eastern District of Missouri
        Dedrick Deshon Jordan
        Jeffrey Wald

        District Court/Agency Case Number(s):  4:21-cr-00013-RLW-3

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

No:  24-1663

_____

United States of America

Plaintiff - Appellee

v.

Dedrick Deshon Jordan

Defendant - Appellant

_____

Appeal from U.S. District Court for the Eastern District of Missouri - St. Louis
(4:21-cr-00013-RLW-3)

_____

**JUDGMENT**


Before BENTON, KELLY, and ERICKSON, Circuit Judges.


The motion of appellee for dismissal of this appeal is granted. The appeal is hereby

dismissed. See Eighth Circuit Rule 47A(b).

July 25, 2024


Order Entered at the Direction of the Court:
Acting Clerk, U.S. Court of Appeals, Eighth Circuit.

_____

/s/ Maureen W. Gornik

Adopted April 15, 2015
Effective August 1, 2015

**Revision of Part V of the Eighth Circuit Plan to Implement the Criminal Justice Act of 1964.**

V. Duty of Counsel as to Panel Rehearing, Rehearing En Banc, and Certiorari

Where the decision of the court of appeals is adverse to the defendant in whole or in part, the duty of counsel on appeal extends to (1) advising the defendant of the right to file a petition for panel rehearing and a petition for rehearing en banc in the court of appeals and a petition for writ of certiorari in the Supreme Court of the United States, and (2) informing the defendant of counsel's opinion as to the merit and likelihood of the success of those petitions. If the defendant requests that counsel file any of those petitions, counsel must file the petition if counsel determines that there are reasonable grounds to believe that the petition would satisfy the standards of Federal Rule of Appellate Procedure 40, Federal Rule of Appellate Procedure 35(a) or Supreme Court Rule 10, as applicable. *See Austin v. United States,* 513 U.S. 5 (1994) (per curiam); 8th Cir. R. 35A.

If counsel declines to file a petition for panel rehearing or rehearing en banc requested by the defendant based upon counsel's determination that there are not reasonable grounds to do so, counsel must so inform the court and must file a written motion to withdraw. The motion to withdraw must be filed on or before the due date for a petition for rehearing, must certify that counsel has advised the defendant of the procedures for filing *pro se* a timely petition for rehearing, and must request an extension of time of 28 days within which to file pro se a petition for rehearing. The motion also must certify that counsel has advised the defendant of the procedures for filing *pro se* a timely petition for writ of certiorari.

If counsel declines to file a petition for writ of certiorari requested by the defendant based on counsel's determination that there are not reasonable grounds to do so, counsel must so inform the court and must file a written motion to withdraw. The motion must certify that counsel has advised the defendant of the procedures for filing *pro se* a timely petition for writ of certiorari.

A motion to withdraw must be accompanied by counsel's certification that a copy of the motion was furnished to the defendant and to the United States.

Where counsel is granted leave to withdraw pursuant to the procedures of *Anders v. California,* 386 U.S. 738 (1967), and *Penson v. Ohio*, 488 U.S. 75 (1988), counsel's duty of representation is completed, and the clerk's letter transmitting the decision of the court will notify the defendant of the procedures for filing pro se a timely petition for panel rehearing, a timely petition for rehearing en banc, and a timely petion for writ of certiorari.