FILED
SEP 17 2026
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS



MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Eastern District of Missouri (St. Louis) |
|---|---|
| Name (*under which you were convicted*): DEDRICK DESHON JORDAN | Docket or Case No.: 4:21-cr-00013-MTS-3 |
| Place of Confinement: FCI Victorville Medium I | Prisoner No.: 36171-510 |
| UNITED STATES OF AMERICA V. | Movant (*include name under which convicted*) DEDRICK DESHON JORDAN |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court
   Eastern District of Missouri
   Eastern Division

   (b) Criminal docket or case number (if you know): 4:21-cr-00013-MTS-3

2. (a) Date of the judgment of conviction (if you know): 3/26/2024

   (b) Date of sentencing: 3/26/2024

3. Length of sentence: 235 Months

4. Nature of crime (all counts):

   Count 1: Conspiracy to Distribute and Possession with Intent to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846.

   Count 7: Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1956(h) and (a)(1)(b)(i).

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐ (2) Guilty ☑ (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   Guilty on Count 1 of the Indictment.

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☑

8. Did you appeal from the judgment of conviction? Yes ☐ No ☑

9. If you did appeal, answer the following:

(a) Name of court: United States Court of Appeals for the Eighth Circuit

(b) Docket or case number (if you know): USCA No. 24-1663

(c) Result: Dismissed and terminated on procedural grounds under the fugitive-disentitlement doctrine.

(d) Date of result (if you know): 7/25/2024

(e) Citation to the case (if you know):

(f) Grounds raised:

Sentence and conviction.

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☑

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket of case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Ineffective Assistance of Counsel — Failure to Adequately Investigate and Challenge Materially Inaccurate Criminal-History Information Used at Sentencing

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel knew Jordan's prior criminal history substantially affected his sentence. Counsel acknowledged that convictions arising from conduct committed when Jordan was fifteen and sixteen years old accounted for six criminal-history points and were used to classify him as a Career Offender. The sentencing record does not establish that counsel obtained and compared the underlying California records with the PSR before advising the Court that there were no factual objections. The Court adopted the PSR and imposed 235 months, the bottom of the advisory Guidelines range.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel were not resolved on direct appeal. Jordan's appeal was dismissed on procedural grounds under the fugitive-disentitlement doctrine without adjudication of this claim.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Ineffective Assistance of Counsel — Failure to Adequately Investigate and Litigate Whether Jordan's Prior California Robbery Convictions Satisfied the Federal Requirements for Career-Offender Predicate Status

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Jordan was classified as a Career Offender based on two California robbery convictions arising from conduct committed when he was fifteen and sixteen years old. Counsel knew those convictions substantially increased Jordan's advisory sentencing range and calculated that, without their effect, Jordan would have been in Criminal History Category III with an advisory range of approximately 168 to 210 months. The sentencing record does not establish which California conviction and sentencing records counsel obtained or reviewed, or what analysis he performed concerning whether each conviction qualified as a Career Offender predicate. Nevertheless, counsel advised the Court that the Career Offender calculation was correct and sought only a downward variance. The Court applied a 235-to-293-month advisory range and imposed 235 months.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:
Claims of ineffective assistance of counsel were not resolved on direct appeal. Jordan' s appeal was dismissed on procedural grounds under the fugitive-disentitlement doctrine without adjudication of this claim.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** Ineffective Assistance of Counsel — Failure to Investigate and Correct Materially Inaccurate or Unsupported Descriptions of Jordan's Prior Offenses That Affected the Court's Sentencing Analysis Under 18 U.S.C. § 3553(a)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The PSR contained descriptions of Jordan's prior criminal conduct that counsel accepted as factually accurate. Jordan has obtained California records that he contends materially contradict or undermine portions of those descriptions. The sentencing record does not establish that counsel obtained and compared the underlying California records with the PSR before advising the Court that there were no factual objections. The Court expressly relied upon Jordan's prior criminal history, including the teenage robberies and later firearm convictions, when imposing 235 months—the bottom of the advisory Guidelines range.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel were not resolved on direct appeal. Jordan's appeal was dismissed on procedural grounds under the fugitive-disentitlement doctrine without adjudication of this claim.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:
Joseph M. Hogan, Attorney at Law, 7751 Carondelet Ave., Suite 700, Clayton, MO 63105

(b) At the arraignment and plea:
Joseph M. Hogan, Attorney at Law, 7751 Carondelet Ave., Suite 700, Clayton, MO 63105

(c) At the trial:
N/A

(d) At sentencing:
Joseph M. Hogan, Attorney at Law, 7751 Carondelet Ave., Suite 700, Clayton, MO 63105

(e) On appeal:
Joseph M. Hogan, Attorney at Law, 7751 Carondelet Ave., Suite 700, Clayton, MO 63105

(f) In any post-conviction proceeding:
N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Jordan relies, as applicable, upon 28 U.S.C. § 2255(f)(4). His claims depend in part upon underlying California court records and facts concerning counsel' s investigation of those records that Jordan contends could not, through the exercise of due diligence, have been discovered earlier. Additional California records supporting these claims were obtained after sentencing. To the extent timeliness depends upon disputed facts concerning when those facts were discovered and Jordan' s diligence, those matters should be resolved upon a developed factual record. Jordan also preserves equitable tolling to the extent supported by the facts.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, Jordan respectfully requests that the Court grant the following relief:

Vacate his conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove his grounds set forth above, resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that he may be entitled.

Respectfully submitted,

DEDRICK DESHON JORDAN
REG. NO. 36171-510
FCI VICTORVILLE MEDIUM I
FEDERAL CORR. INSTITUTION
P.O. BOX 3725
ADELANTO, CA 92301
Appearing *Pro Se*

**DECLARATION OF DEDRICK DESHON JORDAN**

I, Dedrick Deshon Jordan, declarant herein, declare and attest to the facts in the above and foregoing Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to be true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. I placed this § 2255 Motion in the prison mailbox on the date below invoking the prison mailbox rule. See *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Dated: September [illegible], 2026

DEDRICK DESHON JORDAN

FILED
SEP 17 2026
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEDRICK DESHON JORDAN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 4:26-CV-__________ |
| | ) | CRIM NO. 4:21-cr-00013-MTS-3 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW Movant, DEDRICK DESHON JORDAN ("Jordan"), appearing *pro se*, and respectfully moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that he was deprived of the effective assistance of counsel guaranteed by the Sixth Amendment, and would show as follows:

**INTRODUCTION**

This Motion does not contend that trial counsel failed to advocate for Jordan in every respect. Counsel filed a sentencing memorandum, argued for a downward variance, emphasized Jordan's youth when he committed two prior robbery offenses, raised sentencing disparities, and presented mitigating information concerning Jordan's

background and family circumstances. The constitutional issue is narrower: whether counsel adequately investigated the criminal-history information and predicate convictions that drove Jordan's Career Offender designation before affirmatively advising the Court that there were no factual or Guidelines objections.

Jordan was sentenced as a Career Offender under U.S.S.G. § 4B1.1. The Court determined that his Total Offense Level was 33, his Criminal History Category was VI, and his advisory Guidelines range was 235 to 293 months. The Court ultimately imposed 235 months—the bottom of that range. See Sent'g Tr. at 3, ECF No. 987.[1]

Counsel understood the substantial effect of Jordan's prior criminal history. In his Sentencing Memorandum, counsel explained that two robbery convictions arising from conduct committed when Jordan was fifteen and sixteen years old accounted for six criminal-history points and were also used to place Jordan in Career Offender status. Counsel further calculated that, without the effect of those convictions, Jordan would have been in Criminal History Category III with an advisory Guidelines range of approximately 168 to 210 months. See ECF No. 954. Yet the record does not establish that counsel obtained and reviewed the underlying California conviction and

---

1

Unless otherwise indicated, references to "ECF No. ___" are to docket entries in *United States v. Dedrick Deshon Jordan*, No. 4:21-cr-00013-MTS-3 (E.D. Mo.). References to hearing transcripts identify both the underlying proceeding and, where appropriate, the subsequently filed transcript docket number.

sentencing records, or analyzed whether each conviction satisfied the federal requirements for Career Offender predicate status, before conceding that the calculation was correct.

Despite the substantial effect of those convictions, counsel did not object to the factual accuracy of the Presentence Investigation Report or to Probation's application of the Sentencing Guidelines. The Court therefore adopted the PSR as its findings of fact and proceeded on the Career Offender calculation. See Sent'g Tr. at 3, ECF No. 987.

Counsel instead accepted the Career Offender calculation as correct and sought relief through a discretionary variance under 18 U.S.C. § 3553(a). At sentencing, counsel expressly characterized the calculation as "a correct application of the Guidelines," while arguing that Jordan's youth at the time of the predicate offenses warranted a lower sentence. See Sent'g Tr. at 7, ECF No. 987.

That distinction is central to this Motion. A request for leniency under § 3553(a) is not a substitute for determining whether the criminal-history information relied upon at sentencing was factually accurate and whether each prior conviction used to support Career Offender treatment satisfied the applicable federal requirements for predicate status. Before conceding those matters, counsel was required to undertake a reasonable investigation of both the underlying California records and the governing Guidelines

law.

The importance of that investigation is confirmed by the sentencing court's explanation of the sentence. In imposing 235 months, the Court specifically referred to Jordan's early criminal history, the robberies committed when he was fifteen and sixteen years old, and later firearm convictions. The Court then concluded that a Guidelines sentence was appropriate. See Sent'g Tr. at 12, ECF No. 987.

Jordan therefore does not seek collateral relief merely because counsel's request for a variance was unsuccessful or because he now disagrees with the sentence imposed. His claims are that counsel failed to adequately investigate and challenge material criminal-history information before conceding its accuracy; failed to adequately investigate and litigate whether the prior robbery convictions satisfied the federal requirements for Career Offender predicate status; and failed to investigate and correct materially inaccurate or unsupported descriptions of prior offenses that affected the Court's sentencing analysis under 18 U.S.C. § 3553(a).

Under *Strickland v. Washington*, 466 U.S. 668 (1984), counsel must provide objectively reasonable representation, and prejudice exists where there is a reasonable probability that the result would have been different absent counsel's deficient performance. In the sentencing context, additional imprisonment resulting from ineffective assistance constitutes cognizable prejudice. See *Glover v. United States*,

531 U.S. 198, 203–04 (2001).

The prejudice issue here is concrete. Jordan received the lowest sentence within the 235-to-293-month range applied by the Court. Counsel himself maintained that, without the effect of the teenage convictions, the corresponding range would have been approximately 168 to 210 months. If competent investigation and advocacy would have materially altered the criminal-history or Career Offender determination, there is a reasonable probability that Jordan's sentencing exposure—and the sentence actually imposed—would have been lower.

For these reasons, Jordan respectfully requests relief under § 2255 or, at minimum, an evidentiary hearing to determine what investigation counsel performed, what underlying California conviction and sentencing records he obtained and reviewed, what legal analysis he conducted concerning the Career Offender predicates, and the basis upon which he affirmatively accepted the criminal-history information and Career Offender calculation used at sentencing.

## I. JURISDICTION

Jordan brings this Motion pursuant to 28 U.S.C. § 2255(a). This Court has jurisdiction because Jordan was convicted and sentenced in the United States District Court for the Eastern District of Missouri. Judgment was entered on March 26, 2024, sentencing Jordan to 235 months' imprisonment. See ECF No. 976. The case has

subsequently been reassigned to the Honorable Matthew T. Schelp.

Section 2255 authorizes "[a] prisoner in custody under sentence of a court established by Act of Congress" to move the sentencing court to vacate, set aside, or correct a sentence imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Jordan remains in federal custody pursuant to the judgment entered in this case and alleges violations of his Sixth Amendment right to the effective assistance of counsel. Accordingly, jurisdiction is proper in this Court.

## II. PROCEDURAL HISTORY AND TIMELINESS

Jordan was charged in the Eastern District of Missouri in a multi-defendant methamphetamine conspiracy. After initially pleading not guilty, he entered a guilty plea on August 21, 2023, to a lesser-included offense in Count One pursuant to a written plea agreement. See ECF Nos. 861, 863. At the change-of-plea hearing, the Court accepted the plea after conducting the required Rule 11 colloquy. See Plea Hr'g Tr., ECF No. 985.

The plea agreement attributed to Jordan at least 1.5 but less than 4.5 kilograms of actual methamphetamine for sentencing purposes. Jordan acknowledged the factual basis and stated that he had reviewed those facts with counsel. *Id.* at 12–13.

Jordan was sentenced on March 26, 2024. At sentencing, defense counsel advised the Court that he had no objections either to the factual accuracy of the

Presentence Investigation Report or to Probation's application of the Sentencing Guidelines. The Court adopted the PSR as its findings of fact and determined that Jordan's Total Offense Level was 33, his Criminal History Category was VI, and his advisory Guidelines range was 235 to 293 months. See Sent'g Tr. at 3, ECF No. 987.

Counsel sought a downward variance based principally upon Jordan's youth at the time of his predicate convictions, sentencing disparities, and his personal history. Counsel nevertheless expressly characterized the Career Offender calculation as a correct application of the Guidelines. *Id.* at 7. The Court imposed a sentence of 235 months—the bottom of the advisory range. Judgment was entered the same day. See ECF No. 976.

Jordan filed a timely notice of appeal. The Eighth Circuit subsequently directed him to surrender or show cause why his appeal should not be dismissed under the fugitive-disentitlement doctrine. The Court of Appeals dismissed the appeal on July 25, 2024, pursuant to Eighth Circuit Rule 47A(b), and its mandate issued on September 19, 2024. See ECF Nos. 1010, 1020, 1021. Jordan was later arrested in the Central District of California on October 16, 2025.

### A. <u>Section 2255(f)</u>

Section 2255 imposes a one-year limitation period running from the latest of four specified dates. 28 U.S.C. § 2255(f). Under § 2255(f)(1), the period ordinarily begins

on "the date on which the judgment of conviction becomes final."

Where a federal defendant pursues a direct appeal but does not seek certiorari, the conviction ordinarily becomes final when the time for filing a petition for writ of certiorari expires. See *Clay v. United States*, 537 U.S. 522, 525, 527 (2003). The Supreme Court held that finality for § 2255 purposes occurs upon expiration of the certiorari period rather than issuance of the appellate mandate.

Here, the Eighth Circuit entered judgment dismissing Jordan's appeal on July 25, 2024. See ECF No. 1020. If no petition for rehearing or certiorari altered the calculation, Jordan's conviction ordinarily would have become final when his time for seeking Supreme Court review expired. Accordingly, a motion filed in 2026 presents a substantial timeliness issue under § 2255(f)(1).

Jordan does not avoid that issue by asserting merely that this is his first § 2255 motion. The timeliness of each claim must instead be determined under the applicable provision of § 2255(f).

### B. <u>Section 2255(f)(4)</u>

Section 2255(f)(4) provides an alternative starting date: "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

The Eighth Circuit requires a movant relying on subsection (f)(4) to demonstrate both the existence of a genuinely new factual predicate and reasonable diligence in discovering it. See *Ingram v. United States*, 932 F.3d 1084, 1088–89 (8th Cir. 2019). A later appreciation of the legal significance of previously known facts ordinarily is not enough.

Jordan's present claims concern, among other matters, the underlying California records, the accuracy of the criminal-history information used at sentencing, and counsel's investigation of those materials before accepting the PSR and Career Offender calculation. To the extent a particular claim depends upon facts that Jordan could not, through reasonable diligence, have discovered until a date within one year of filing this Motion, § 2255(f)(4) may supply the applicable limitations period.

Jordan does not rely on the California appellate decision reversing his firearm convictions as a newly discovered fact. That decision was already known and was submitted in the criminal case as an exhibit to his April 24, 2024 motion for reconsideration. See ECF No. 999-2. Rather, any reliance upon § 2255(f)(4) must be tied to the specific facts supporting the particular ineffective-assistance claim and the date on which those facts reasonably could have been discovered.

Because § 2255(f)(4) turns upon discovery of facts rather than discovery of legal theories, the relevant inquiry is necessarily fact-specific. See *Deroo v. United States*,

709 F.3d 1242, 1245–46 (8th Cir. 2013) (rejecting subsection (f)(4) where the alleged PSR error could have been discovered years earlier).F

### C. Equitable Tolling

The limitation period in § 2255(f) is also subject to equitable tolling, but only in exceptional circumstances. A movant must establish both that he pursued his rights with reasonable diligence and that some extraordinary circumstance stood in his way and prevented timely filing. See *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013); see also *United States v. Martin*, 408 F.3d 1089, 1093–95 (8th Cir. 2005).

Jordan does not contend that ordinary incarceration, unfamiliarity with the law, or his failure to surrender independently establishes equitable tolling. Any equitable-tolling argument must instead be supported by specific facts showing both reasonable diligence and an external circumstance that actually prevented timely filing.

The Eighth Circuit applies the diligence requirement meaningfully. A movant who fails to monitor his case or take reasonable steps to protect his rights ordinarily cannot obtain equitable tolling merely because circumstances later made filing difficult. See *Chachanko v. United States*, 935 F.3d 627, 630–31 (8th Cir. 2019).

Accordingly, Jordan respectfully submits that timeliness must be determined under the particular subsection of § 2255(f) applicable to each claim and on the developed factual record concerning when the facts supporting those claims were or

reasonably could have been discovered. To the extent resolution of the limitations issue depends upon disputed facts concerning discovery and diligence, those matters should be resolved on an appropriate factual record rather than upon assumptions adverse to a *pro se* movant.

## III. STATEMENT OF THE GROUNDS FOR RELIEF

Jordan raises three related claims of ineffective assistance of counsel arising from the investigation and use of his prior criminal-history information at sentencing. Each claim is governed by *Strickland v. Washington*, 466 U.S. 668 (1984), but each addresses a distinct aspect of counsel's performance.

### A. Ground One — Failure to Investigate and Challenge Materially Inaccurate Criminal-History Information

Jordan alleges that trial counsel rendered ineffective assistance by failing to adequately investigate and challenge materially inaccurate criminal-history information before affirmatively advising the Court that there were no factual objections to the Presentence Investigation Report ("PSR").

At sentencing, counsel stated that he had no objection to the factual accuracy of the PSR and no objection to Probation's application of the Sentencing Guidelines. The Court therefore adopted the PSR as its findings of fact and determined that Jordan's Total Offense Level was 33, his Criminal History Category was VI, and his advisory

Guidelines range was 235 to 293 months. See Sent'g Tr. at 3, ECF No. 987.

Jordan contends that underlying California records contained information materially inconsistent with portions of the criminal-history presentation and that reasonably competent counsel should have obtained, reviewed, and compared those records to the PSR before conceding its factual accuracy.

### B. Ground Two — Failure to Investigate and Litigate Career-Offender Predicate Eligibility

Jordan alleges that counsel rendered ineffective assistance by failing to adequately investigate and litigate whether the two California robbery convictions used to classify him as a Career Offender independently satisfied the federal requirements for predicate status under U.S.S.G. §§ 4B1.1, 4B1.2, and the applicable provisions of § 4A1.2.

That inquiry required counsel to identify the statutes of conviction and apply the elements-based categorical analysis required by *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 579 U.S. 500 (2016), rather than relying merely upon the offense label "robbery" or descriptions of the underlying conduct. Because the offenses were committed when Jordan was fifteen and sixteen years old, counsel was also required to determine whether each resulting conviction constituted a qualifying adult conviction and countable predicate under the applicable Guidelines

provisions.

Counsel recognized the extraordinary sentencing significance of these convictions. In his Sentencing Memorandum, he stated that the two teenage robbery convictions accounted for six criminal-history points and were also used to place Jordan in Career Offender status. Counsel further calculated that, without their effect, Jordan would have been in Criminal History Category III with an advisory Guidelines range of approximately 168 to 210 months. See ECF No. 954.

Nevertheless, counsel did not litigate predicate eligibility and instead represented that the Career Offender calculation was a correct application of the Guidelines while seeking only a discretionary variance under 18 U.S.C. § 3553(a). See Sent'g Tr. at 7, ECF No. 987. Jordan contends that before making that concession, counsel was required to obtain and review the underlying California conviction and sentencing records and determine whether each conviction independently satisfied the federal requirements for Career Offender predicate status.

### C. **Ground Three — Failure to Correct Materially Inaccurate or Unsupported Descriptions of Prior Offenses**

Jordan separately alleges that counsel rendered ineffective assistance by failing to investigate and correct materially inaccurate or unsupported descriptions of the conduct underlying prior offenses that influenced the Court's sentencing analysis under

18 U.S.C. § 3553(a).

This claim is distinct from whether a prior conviction technically qualified as a Career Offender predicate. Even where a conviction is legally countable, materially inaccurate descriptions of the underlying conduct may affect the Court's assessment of criminal history, dangerousness, deterrence, and the need for a variance.

The sentencing court expressly relied upon Jordan's criminal history in explaining the sentence, including the robberies committed when he was fifteen and sixteen years old and later firearm convictions. See Sent'g Tr. at 12, ECF No. 987. Jordan contends that counsel's failure to investigate and correct material inaccuracies deprived the Court of reliable information necessary to make an individualized sentencing determination.

These three claims are related, but they are not duplicative. Ground One concerns the adequacy of counsel's factual investigation before accepting the PSR; Ground Two concerns whether counsel adequately investigated and litigated the federal eligibility of the two California robbery convictions used for Career Offender treatment; and Ground Three concerns counsel's failure to investigate and correct materially inaccurate or unsupported descriptions of prior conduct that affected the Court's discretionary sentencing analysis.

## IV. GOVERNING § 2255 AND *STRICKLAND* STANDARDS

Section 2255 permits a federal prisoner to obtain relief where "the sentence was imposed in violation of the Constitution or laws of the United States," where the sentencing court lacked jurisdiction, where the sentence exceeded the maximum authorized by law, or where the judgment is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a). Jordan's claims fall within § 2255 because he alleges that his sentence was imposed in violation of the Sixth Amendment right to effective assistance of counsel.

A claim of ineffective assistance is governed by *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain relief, a movant must establish both deficient performance and prejudice. *Id.* at 687. A court may address the two components in either order and need not reach both if the movant fails to establish one. *Id.* at 697.

### A. Deficient Performance

Counsel's performance is deficient when it falls below an objective standard of reasonableness measured under prevailing professional norms. *Id.* at 688. Although counsel is afforded substantial deference, that deference does not excuse an unreasonable failure to investigate facts or law material to sentencing.

*Strickland* distinguishes between strategic decisions made after adequate investigation and decisions made without sufficient investigation. Strategic choices

made after a thorough investigation of relevant law and facts are "virtually unchallengeable," but decisions made after less than complete investigation are reasonable only to the extent that reasonable professional judgment supports the limitation placed upon the investigation. *Id.* at 690–91.

That principle applies directly to counsel's treatment of prior convictions and criminal-history information. Where a prior conviction materially affects the advisory Guidelines range, counsel must undertake a reasonable investigation sufficient to determine whether the conviction is accurately described and legally usable before conceding the resulting enhancement.

The Eighth Circuit has recognized that an ineffective-assistance claim based upon counsel's failure to challenge Career Offender treatment is cognizable under § 2255 because it alleges a constitutional violation rather than merely an ordinary Guidelines error. See *King v. United States*, 595 F.3d 844, 852–53 (8th Cir. 2010).

Jordan's claims therefore do not rest simply upon disagreement with the sentencing court's Guidelines calculation. Rather, he alleges that counsel failed to conduct the reasonable factual and legal investigation required before affirmatively conceding the accuracy of the PSR and the applicability of Career Offender treatment.

**B. Prejudice**

To establish prejudice, Jordan must show a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See *Strickland*, 466 U.S. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.*

The prejudice requirement applies fully at sentencing. In *Glover v. United States*, 531 U.S. 198, 203–04 (2001), the Supreme Court held that additional imprisonment resulting from deficient performance may constitute prejudice and rejected any requirement that the sentencing increase reach some minimum threshold.

Where counsel's error affects the advisory Guidelines range, the potential for prejudice is particularly significant because the Guidelines remain the starting point and initial benchmark for federal sentencing.

Here, the Court determined that Jordan's Total Offense Level was 33, his Criminal History Category was VI, and his advisory range was 235 to 293 months. The Court imposed a sentence of 235 months—the bottom of that range. See Sent'g Tr. at 3, ECF No. 987.

Counsel himself maintained that without the effect of Jordan's teenage convictions, the corresponding advisory range would have been approximately 168 to 210 months. See ECF No. 954. If competent investigation and litigation would have

materially altered the criminal-history or Career Offender determination, there is a reasonable probability that Jordan's sentence would have been lower.

### C. Ineffective-Assistance Claims Are Properly Raised Under § 2255

Ineffective-assistance claims are ordinarily well suited for collateral review because they often depend upon matters outside the trial and sentencing record, including what counsel investigated, what records counsel reviewed, what advice counsel gave, and the reasons for counsel's decisions. See *Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

Jordan's direct appeal was dismissed under Eighth Circuit Rule 47A(b) without resolution of the merits of the ineffective-assistance claims presented here. His claims depend in substantial part upon what California records counsel obtained and reviewed, what legal analysis he performed concerning the prior convictions, and the basis for his decision to accept the PSR and Career Offender calculation without objection.

Accordingly, Jordan's ineffective-assistance claims are properly presented under § 2255 and must be evaluated under the standards established in *Strickland*.

## V. GROUND ONE

### TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO ADEQUATELY INVESTIGATE AND CHALLENGE MATERIALLY INACCURATE CRIMINAL-HISTORY INFORMATION USED AT SENTENCING

The Sixth Amendment required counsel to conduct a reasonable investigation into facts that materially affected Jordan's sentencing exposure before affirmatively conceding those facts to the Court. See *Strickland v. Washington*, 466 U.S. 668, 690–91 (1984). Where counsel limits an investigation, that decision is reasonable only if supported by professional judgment. *Id.* at 691.

That obligation was especially important here because Jordan's criminal history materially affected both his advisory Guidelines range and the Court's analysis under 18 U.S.C. § 3553(a).

At sentencing, the Court asked defense counsel whether there were any objections to the factual accuracy of the PSR. Counsel answered, "No, Your Honor." The Court then asked whether there were any objections to Probation's application of the Sentencing Guidelines, and counsel again answered, "No, Your Honor." The Court adopted the PSR as its findings of fact, determined a Total Offense Level of 33 and Criminal History Category VI, and proceeded on the corresponding Career Offender advisory range.

Counsel nevertheless knew that Jordan's prior criminal history had an extraordinary effect on sentencing. In his Sentencing Memorandum, counsel explained that six criminal-history points resulted from convictions arising from conduct committed when Jordan was fifteen and sixteen years old, and that those convictions

were also used under U.S.S.G. § 4B1.1 to classify Jordan as a Career Offender. Counsel calculated that, without their effect, Jordan would have been in Criminal History Category III with an advisory range of approximately 168 to 210 months. See ECF No. 954.

The sentencing record, however, does not establish that counsel obtained and compared the underlying California court records with the criminal-history descriptions contained in the PSR before representing that no factual objection existed. Jordan alleges that primary California records contained material information inconsistent with portions of the criminal-history presentation. If reasonably available primary California records contradicted material facts accepted by the Court, counsel had a duty to investigate and present those discrepancies before conceding the PSR's accuracy.

Jordan has now identified the particular California matters containing the discrepancies. As to juvenile Case No. YA061893, Jordan maintains that the preliminary-hearing transcript establishes that he did not possess or use a firearm during the offense. As to juvenile Case No. YA062601, Jordan maintains that the transcript reflects that a firearm was displayed but was never pointed at anyone. Jordan further maintains that the PSR incorrectly identified the date of one of these cases and materially overstated the violent nature of the underlying conduct. These are the types of discrepancies that reasonably competent counsel should have identified by

comparing the PSR with the primary California records before affirmatively advising the Court that no factual objection existed.

The importance of accurate criminal-history information is demonstrated by the sentencing court's own explanation. In imposing sentence, the Court specifically discussed Jordan's early criminal history, the robberies committed when he was fifteen and sixteen years old, and later firearm convictions. The Court then imposed 235 months—the bottom of the advisory range. See Sent'g Tr. at 12, ECF No. 987.

Jordan does not contend that counsel was constitutionally required to make meritless objections. Nor does he argue that counsel's mitigation efforts were nonexistent. The claim is narrower: before accepting as accurate criminal-history information that substantially affected Jordan's sentencing exposure, counsel was required to conduct a reasonable investigation sufficient to determine whether that information was reliable.

### A. **Deficient Performance**

Counsel performs deficiently when he fails to reasonably investigate available information material to sentencing and then affirmatively makes a concession that depends upon the accuracy of that information.

Here, counsel knew that Jordan's prior record was central both to the Career Offender designation and to the variance argument. Yet the existing record does not

establish what underlying California records counsel obtained, whether he compared those records with the PSR, or whether he investigated the material discrepancies Jordan now identifies between the primary California records and the criminal-history information presented at sentencing.

If counsel failed to obtain or review reasonably available primary records before affirmatively advising the Court that the PSR was factually accurate, that concession was not the product of the reasonable investigation required by *Strickland*.

### B. Prejudice

Jordan was prejudiced if competent investigation and correction of materially inaccurate criminal-history information would have created a reasonable probability of a lower sentence.

The Court adopted an advisory range of 235 to 293 months and imposed exactly 235 months. Counsel himself represented that without the effect of the teenage convictions, Jordan would have faced an advisory range of approximately 168 to 210 months.

The sentencing judge also expressly relied upon Jordan's criminal history in explaining the sentence. Thus, materially correcting that information could have affected both the advisory Guidelines analysis and the Court's assessment under § 3553(a).

Under *Glover v. United States*, 531 U.S. 198, 203–04 (2001), additional imprisonment resulting from constitutionally deficient representation is sufficient to establish sentencing prejudice; no minimum increase in imprisonment is required.

At a minimum, the present record does not conclusively establish what investigation counsel performed before accepting the PSR's criminal-history information. Those matters therefore require factual development under 28 U.S.C. § 2255(b).

## VI. GROUND TWO

**TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO ADEQUATELY INVESTIGATE AND LITIGATE WHETHER JORDAN'S PRIOR CALIFORNIA ROBBERY CONVICTIONS SATISFIED THE FEDERAL REQUIREMENTS FOR CAREER-OFFENDER PREDICATE STATUS**

Jordan's Career Offender designation had a substantial effect on his advisory sentencing range. The PSR treated two California robbery convictions arising from conduct committed when Jordan was fifteen and sixteen years old as predicate convictions under U.S.S.G. § 4B1.1. At sentencing, the Court expressly identified those robberies as the convictions used to classify Jordan as a Career Offender. See Sent'g Tr. at 12, ECF No. 987.

The underlying California matters included Los Angeles Superior Court Case No. YA061893, in which Jordan was prosecuted in Superior Court and entered a nolo

contendere plea to second-degree robbery under California Penal Code § 211, receiving a three-year state-prison sentence, and Case No. YA062601, another California robbery conviction under § 211 for which Jordan received a five-year state-prison sentence. These convictions arose from conduct committed before Jordan reached eighteen years of age.

Defense counsel recognized their extraordinary sentencing significance. In his Sentencing Memorandum, counsel stated that the two teenage robbery convictions accounted for six criminal-history points and were also used under § 4B1.1 to place Jordan in Career Offender status. Counsel further calculated that, without their effect, Jordan would have been in Criminal History Category III with an advisory Guidelines range of approximately 168 to 210 months. See ECF No. 954.

Nevertheless, counsel did not object to the predicate treatment of either conviction. Instead, he expressly advised the Court that the Career Offender calculation represented "a correct application of the Guidelines" and sought only a discretionary variance based largely upon Jordan's youth when the offenses occurred. See Sent'g Tr. at 7, ECF No. 987.

The constitutional issue is not whether counsel recognized the severe sentencing consequences of the convictions. He plainly did. The issue is whether counsel conducted the factual and legal investigation necessary to determine whether each

conviction independently satisfied the federal requirements for Career Offender treatment before affirmatively conceding that the enhancement was correct.

### A. The Predicate Inquiry Required More Than Reliance Upon the Label "Robbery"

Under U.S.S.G. § 4B1.1, Career Offender status requires, among other things, at least two qualifying prior felony convictions for either crimes of violence or controlled substance offenses. Whether a state conviction constitutes a qualifying predicate is a question of federal law and cannot be resolved simply by accepting the offense label assigned by the state court or appearing in the PSR.

When determining whether a prior state conviction qualifies as an enumerated crime of violence, federal courts ordinarily employ the categorical approach. See *Descamps v. United States*, 570 U.S. 254, 257–58 (2013); *Mathis v. United States*, 579 U.S. 500, 504–06 (2016). That approach compares the elements of the statute of conviction with the federal definition of the qualifying offense rather than examining the particular facts alleged to have occurred. Where a statute is indivisible, a sentencing court may not use charging allegations, plea materials, or other case-specific facts to narrow the offense beyond its statutory elements. *Id.*

Jordan's California robbery convictions were under California Penal Code § 211. Section 211 defines robbery as the felonious taking of personal property in the

possession of another, from the person or immediate presence of another, against his will, accomplished by means of force or fear. California law further defines "fear" to include fear of injury to a person or property. See Cal. Penal Code §§ 211–212.

At the time Jordan was sentenced in March 2024, Amendment 822 to the Sentencing Guidelines had taken effect. Effective November 1, 2023, § 4B1.2 expressly defined enumerated "robbery" to include the unlawful taking of personal property from another, against his will, through actual or threatened force, violence, or fear of injury to person or property. U.S.S.G. § 4B1.2(e)(3). Thus, competent counsel considering whether § 211 constituted a crime of violence was required to compare the elements of the California statute with the then-governing federal Guidelines definition rather than simply assuming that a conviction labeled "robbery" qualified.

Jordan does not allege that the Court should now disregard controlling law or that California § 211 necessarily fails the categorical inquiry. His ineffective-assistance claim is narrower. Before conceding that Career Offender treatment was correct, counsel was required to identify the statutes of conviction, determine the applicable federal definition, perform the appropriate categorical analysis, and then separately determine whether each conviction satisfied all remaining requirements for treatment as a prior felony conviction.

The present sentencing record does not establish that counsel undertook that analysis.

### B. <u>Jordan's Age Required a Separate Adult-Conviction and Criminal-History Inquiry</u>

Even if an offense satisfies the federal definition of robbery, that does not end the Career Offender inquiry in Jordan's case. The conduct underlying both predicate convictions occurred before Jordan reached eighteen years of age.

The Guidelines specifically address offenses committed before age eighteen. Under U.S.S.G. § 4B1.2(e)(4), an offense committed before age eighteen constitutes an adult conviction only if it is classified as an adult conviction under the law of the jurisdiction in which the defendant was convicted. In addition, the Career Offender provisions incorporate the criminal-history rules governing which prior sentences are countable. See U.S.S.G. §§ 4B1.2(c), 4A1.2.

Counsel's Sentencing Memorandum stated that Jordan had been certified as an adult and sentenced to the California Department of Corrections. See ECF No. 954. But that conclusion could not reasonably substitute for examination of the actual California records relating to each conviction. Because Jordan was only fifteen and sixteen when the underlying offenses occurred, competent counsel was required to determine, separately as to Case Nos. YA061893 and YA062601, the precise nature of the

proceedings, the judgment entered, the classification of the conviction under California law, the sentence imposed, and whether the resulting conviction and sentence satisfied the federal Guidelines rules governing offenses committed before age eighteen.

The fact that Jordan was prosecuted in Superior Court or ultimately received a state-prison sentence is relevant, but the Career Offender inquiry is governed by the specific federal Guidelines requirements. Each predicate must independently satisfy those requirements.

The existing sentencing record does not establish which California judgments, charging documents, plea records, sentencing dispositions, transfer or certification records, or other primary court records counsel obtained and reviewed. Nor does it disclose whether counsel separately analyzed the federal countability of each teenage conviction under §§ 4B1.1, 4B1.2, and 4A1.2 before advising the Court that Career Offender treatment was correct.

### C. ***Descamps* and *Mathis* Required an Elements-Based Inquiry, Not Reliance Upon Alleged Conduct**

The need for a proper legal inquiry is particularly important because the categorical approach ordinarily prohibits using the facts alleged in police reports, dismissed counts, or generalized descriptions in a PSR to establish that a conviction qualifies as a predicate when those facts are not elements of the offense of conviction.

See *Descamps*, 570 U.S. at 260–61; *Mathis*, 579 U.S. at 511–12.

In Case No. YA061893, Jordan entered a nolo contendere plea to second-degree robbery under California Penal Code § 211, while other counts were dismissed pursuant to the disposition. The legal status of that conviction therefore depended upon the offense of conviction and the governing federal categorical framework, not upon allegations contained in dismissed charges or descriptions of conduct that were unnecessary to the § 211 conviction.

This distinction matters because the federal sentencing court was entitled to rely only upon legally permissible materials and the correct federal methodology in determining whether a prior conviction constituted a Career Offender predicate. Counsel therefore had a duty to determine precisely what Jordan had been convicted of and why that conviction qualified before conceding the enhancement.

Jordan does not ask the Court to assume from the present record that either California robbery conviction necessarily failed the categorical test. Rather, the absence of any developed record showing that counsel performed the required analysis is part of the ineffective-assistance claim. Counsel knew these convictions produced an enormous increase in Jordan's sentencing exposure. An informed concession required an informed investigation.

### D. **A Variance Request Was Not a Substitute for Investigation of Predicate Eligibility**

Counsel did advocate for a lower sentence. He argued that Jordan's youth at the time of the predicate offenses warranted a downward variance and urged the Court to consider an advisory range of approximately 168 to 210 months. But a request for discretionary leniency is materially different from determining whether the higher Guidelines range legally applied in the first place.

Counsel pursued only the discretionary argument. He accepted the Career Offender calculation as legally correct and asked the Court to vary downward from it. The Court rejected that request and imposed a sentence within the Career Offender range.

If reasonable investigation of the California records and applicable federal law would have disclosed a valid objection to the treatment of either conviction as a qualifying adult and countable predicate, counsel could not cure the failure to raise that objection merely by asking the Court for a variance.

### E. **Deficient Performance**

Under *Strickland*, strategic decisions receive deference only when they rest upon a reasonable investigation of the relevant facts and law. 466 U.S. at 690–91. The question therefore is not simply whether counsel made an objection, but whether his

decision not to object followed an adequate investigation.

Counsel knew that Jordan's two teenage convictions were dispositive of Career Offender status and materially increased the advisory sentencing range. Yet the existing record does not establish that counsel obtained the primary California records necessary to determine the precise status of each conviction or conducted the legal analysis required by *Descamps*, *Mathis*, U.S.S.G. §§ 4B1.1 and 4B1.2, and the applicable provisions of § 4A1.2.

If counsel affirmatively conceded Career Offender status without first undertaking that investigation, his concession was not the product of the informed professional judgment required by Strickland.

**F. <u>Prejudice</u>**

The potential prejudice was substantial. The Court calculated an advisory Guidelines range of 235 to 293 months and imposed 235 months—the bottom of that range. Counsel himself calculated that, without the effect of the two teenage robbery convictions, Jordan would have been in Criminal History Category III with an advisory range of approximately 168 to 210 months. See ECF No. 954.

Thus, the lowest sentence within the range actually used by the Court was 25 months above the top of the range counsel urged the Court to consider and 67 months above its bottom. More importantly, the Court selected precisely the bottom of the

range it believed legally applicable.

Under *Glover v. United States*, 531 U.S. 198, 203–04 (2001), additional imprisonment resulting from ineffective assistance at sentencing constitutes cognizable prejudice; no minimum increase in imprisonment is required.

If competent investigation would have established that either teenage conviction failed to satisfy the federal requirements for a qualifying adult and countable Career Offender predicate, Jordan would not have had the two qualifying predicates required by § 4B1.1. There is therefore a reasonable probability that the applicable Guidelines calculation and the sentence ultimately imposed would have been lower.

At a minimum, the existing record does not conclusively establish which California records counsel possessed, whether he separately examined Case Nos. YA061893 and YA062601, whether he analyzed the convictions under the categorical framework required by *Descamps* and *Mathis*, whether he determined their status as adult convictions under § 4B1.2(e)(4), or whether he examined their countability under § 4A1.2.

Those matters concern counsel's investigation and legal analysis outside the present sentencing record and therefore require factual development under 28 U.S.C. § 2255(b).

## VII. GROUND THREE

**TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO CORRECT MATERIALLY INACCURATE OR UNSUPPORTED DESCRIPTIONS OF JORDAN'S PRIOR OFFENSES THAT AFFECTED THE COURT'S SENTENCING ANALYSIS UNDER 18 U.S.C. § 3553(a)**

Separate from the legal question whether Jordan's prior convictions properly qualified as Career Offender predicates, counsel also had a duty to ensure that materially inaccurate or unsupported descriptions of Jordan's prior conduct were not left uncorrected before the sentencing court.

That distinction matters. A prior conviction may be legally countable for Guidelines purposes while the factual description of the underlying conduct is nevertheless inaccurate, overstated, or unsupported. Such information can affect the Court's assessment of the defendant's history and characteristics, dangerousness, deterrence, protection of the public, and whether a variance is warranted under 18 U.S.C. § 3553(a).

Here, counsel affirmatively advised the Court that there were no objections to the factual accuracy of the PSR, including the criminal-history descriptions later relied upon by the Court at sentencing.

Jordan alleges that the underlying California records materially contradicted or undermined portions of the descriptions attributed to his prior conduct. If reasonably

available primary records showed that the PSR materially overstated, embellished, or misstated the nature or circumstances of those offenses, competent counsel was required to investigate and present those discrepancies before the Court relied upon that criminal-history presentation at sentencing.

### A. Counsel Had a Duty to Investigate Material Factual Discrepancies

Under *Strickland*, counsel's decisions must be evaluated in light of the investigation supporting them. 466 U.S. at 690–91. Where counsel is aware that criminal-history information may materially influence sentencing, he cannot reasonably accept a disputed secondary description without conducting an adequate investigation of reasonably available primary records.

Counsel knew that Jordan's criminal history would be central to sentencing. He devoted substantial attention in his Sentencing Memorandum and oral argument to Jordan's teenage convictions and sought a downward variance based in part upon Jordan's age when those offenses occurred. Yet he made no factual objection to the PSR and did not advise the Court that any description of the prior offenses was disputed.

Jordan does not contend that counsel was required to dispute accurate information. His claim is that, if the underlying California transcripts or court records

materially contradicted the PSR's account, counsel could not reasonably concede factual accuracy without first reviewing and comparing those records.

A mitigation argument based on Jordan's youth did not eliminate that obligation. Youth and factual accuracy are separate considerations. The Court was entitled to evaluate the seriousness of Jordan's prior conduct, but it was entitled to do so on the basis of accurate information.

The specific discrepancies Jordan identifies illustrate why that investigation mattered. Jordan maintains that the records for YA061893 show that he did not possess or use a firearm, while the records for YA062601 show that although a firearm was displayed, it was never pointed at anyone. Those distinctions are material where the sentencing presentation portrayed Jordan's juvenile history as involving particularly aggravated violent conduct.

Jordan also identifies Case No. XSWYA087149-01, a 2013 firearm matter, and maintains that the underlying record contains no conviction or finding of guilt for absconding. If the PSR nevertheless attributed absconding conduct to Jordan, counsel should have obtained the underlying disposition and determined whether that characterization was supported before permitting the Court to rely upon it.

Jordan further identifies Case No. RIF2003867, a 2021 domestic-violence matter, which he maintains was dismissed on speedy-trial grounds. Although dismissal

does not necessarily prevent a sentencing court from considering reliable underlying conduct, counsel had a duty to determine the actual disposition and object to any materially inaccurate description or unsupported inference drawn from that matter.

### B. The California Firearm Reversal Underscores the Need for Accurate Criminal-History Information

The federal sentencing record also referred to later firearm convictions in discussing Jordan's criminal history. Jordan has identified the relevant matter as California Case No. BA443962, arising from a 2016 firearm prosecution. The California appellate materials filed in the criminal case establish that the firearm conviction or convictions associated with that matter were reversed after the state appellate court concluded that the evidence was insufficient to establish actual or constructive possession. See ECF No. 999-2. Jordan further maintains that the California Court of Appeal remittitur confirms that disposition.

Jordan does not contend that those reversed firearm convictions were the Career Offender predicates; the sentencing transcript identifies the earlier robbery convictions as the predicates. The relevance of the California reversal to this Ground is narrower: it demonstrates the importance of independently verifying the criminal-history information presented to the sentencing court.

The Court itself referred to later firearm convictions when discussing Jordan's history before imposing sentence. See Sent'g Tr. at 12, ECF No. 987. If any conviction relied upon by the Court had been reversed or otherwise invalidated, or if the PSR materially misstated the conduct underlying a prior offense, competent counsel had a duty to investigate and bring that information to the Court's attention before sentence was imposed.

### C. Prejudice

Jordan must establish a reasonable probability that correcting materially inaccurate criminal-history information would have affected the sentencing outcome. See *Strickland*, 466 U.S. at 694.

The sentencing transcript provides a concrete basis for that showing. In explaining the sentence, the Court expressly referred to Jordan's early criminal history, the robberies committed at ages fifteen and sixteen, and later firearm convictions. The Court then imposed 235 months—the bottom of the advisory Guidelines range.

Thus, the prior-offense information was not peripheral to the sentencing decision. It formed part of the Court's assessment under § 3553(a). If counsel permitted materially inaccurate or unsupported descriptions to remain part of the sentencing record, there is a reasonable probability that correcting those descriptions would have affected the Court's assessment of Jordan's history, dangerousness, and the appropriate

sentence.

Under *Glover v. United States*, 531 U.S. 198, 203–04 (2001), additional imprisonment resulting from constitutionally deficient representation may establish prejudice.

At a minimum, the present record does not conclusively establish which California records counsel reviewed, whether he compared those records with the PSR, whether he recognized any material discrepancies, or why no factual objection was presented. Those matters require factual development under 28 U.S.C. § 2255(b).

## VIII. EVIDENTIARY HEARING

Jordan respectfully requests an evidentiary hearing pursuant to 28 U.S.C. § 2255(b). Section 2255 requires a hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

The present record does not conclusively resolve Jordan's ineffective-assistance claims because the critical issues concern matters outside the sentencing transcript: what investigation counsel performed, which California records he obtained and reviewed, whether he compared those records with the PSR, what legal analysis he performed concerning the Career Offender predicates, and why he affirmatively represented that there were no factual or Guidelines objections.

The sentencing transcript establishes what counsel ultimately told the Court. Counsel stated that he had no objection to the factual accuracy of the PSR and no objection to Probation's application of the Guidelines. The Court then adopted the PSR and calculated Jordan's advisory range at 235 to 293 months. See Sent'g Tr. at 3, ECF No. 987.

What the transcript does not reveal is whether those concessions were the product of informed professional judgment. It does not establish whether counsel obtained the underlying California judgments, charging documents, plea or trial records, sentencing dispositions, or transcripts; whether he independently examined the legal status of the robbery convictions under U.S.S.G. §§ 4B1.1, 4B1.2, and the applicable provisions of § 4A1.2; or whether he compared the factual descriptions in the PSR with the primary state-court records.

Those questions are material. Counsel knew that Jordan's teenage convictions were central to Career Offender treatment and substantially increased the advisory range. Counsel's own Sentencing Memorandum stated that, without the effect of those convictions, Jordan would have been in Criminal History Category III with an advisory range of approximately 168 to 210 months. See ECF No. 954. Yet counsel later advised the Court that the higher Career Offender calculation was correct and sought relief only through a discretionary variance.

The same factual development is necessary with respect to the accuracy of the criminal-history information itself. Jordan alleges that underlying California records materially contradicted or undermined portions of the sentencing presentation. The Court expressly relied upon Jordan's criminal history in explaining the sentence, including the two robberies committed when he was fifteen and sixteen years old and later firearm convictions. See Sent'g Tr. at 12, ECF No. 987.

The paper record alone cannot establish whether counsel possessed the relevant records, recognized any discrepancies, or made a reasoned decision not to object. Those matters bear directly upon whether counsel's performance was deficient under *Strickland* and whether any deficiency affected the sentence imposed.

The Supreme Court has long recognized that an evidentiary hearing is appropriate where a § 2255 claim depends upon facts outside the existing record. See *Machibroda v. United States*, 368 U.S. 487, 494–95 (1962). Likewise, where material factual allegations are not conclusively refuted by the record, they should not be rejected merely because the existing record is silent. See *Fontaine v. United States*, 411 U.S. 213, 215 (1973) (per curiam).

Jordan's claims present that situation. The record establishes the concessions counsel made, but not the investigation and legal analysis that preceded them. Resolution of the claims therefore requires factual development concerning counsel's

review of the California records, his analysis of whether each robbery conviction satisfied the federal requirements for Career Offender predicate status, and the basis for his decision to accept the PSR without objection.

Accordingly, Jordan respectfully requests that the Court conduct an evidentiary hearing, appoint counsel if appropriate, permit presentation of the relevant California records, and allow testimony from trial counsel and any other necessary witnesses.

## IX. CONCLUSION AND PRAYER FOR RELIEF

For the above and foregoing reasons, Movant Dedrick Deshon Jordan respectfully submits that his sentence was imposed in violation of the Sixth Amendment because trial counsel failed to adequately investigate and challenge material criminal-history information that affected both the advisory Sentencing Guidelines calculation and the Court's analysis under 18 U.S.C. § 3553(a).

Jordan was sentenced as a Career Offender, placed in Criminal History Category VI, and assigned an advisory Guidelines range of 235 to 293 months. The Court imposed 235 months—the bottom of that range. Counsel himself recognized that Jordan's teenage robbery convictions materially increased his sentencing exposure and represented that, without their effect, Jordan would have faced a substantially lower advisory range of approximately 168 to 210 months.

Yet counsel affirmatively advised the Court that there were no factual objections to the PSR and no objections to Probation's application of the Guidelines. Jordan contends that those concessions were made without the reasonable factual and legal investigation required by *Strickland v. Washington*, 466 U.S. 668 (1984).

The three claims presented in this Motion are related but distinct. Ground One concerns counsel's failure to adequately investigate and challenge materially inaccurate criminal-history information. Ground Two concerns counsel's failure to adequately investigate and litigate whether the two California robbery convictions satisfied the federal requirements for Career Offender predicate status under U.S.S.G. §§ 4B1.1, 4B1.2, and the applicable provisions of § 4A1.2. Ground Three concerns counsel's failure to investigate and correct materially inaccurate or unsupported descriptions of prior offenses that affected the Court's sentencing analysis under § 3553(a).

Because the Court expressly considered Jordan's criminal history and imposed the lowest sentence within the advisory range it believed applicable, there is a reasonable probability that competent investigation and litigation of the predicate-conviction issues, together with correction of any materially inaccurate criminal-history information, would have affected the sentencing outcome. See *Strickland*, 466 U.S. at 694; *Glover v. United States*, 531 U.S. 198, 203–04 (2001).

At a minimum, the existing record does not conclusively establish what investigation counsel performed, which California records he obtained or reviewed, whether he compared those records with the PSR, what legal analysis he performed concerning each Career Offender predicate, or the factual and legal basis for his decision to concede both the Career Offender calculation and the accuracy of the criminal-history presentation. Those disputed matters require factual development under 28 U.S.C. § 2255(b).

WHEREFORE, Movant Dedrick Deshon Jordan respectfully requests that this Court: (1) grant his Motion under 28 U.S.C. § 2255 and vacate his sentence; (2) order a new sentencing hearing at which Jordan may be sentenced upon an accurate criminal-history record and a correctly determined advisory Guidelines range; (3) alternatively, conduct an evidentiary hearing pursuant to 28 U.S.C. § 2255(b) to resolve the disputed factual issues concerning counsel's investigation and handling of Jordan's criminal-history and Career Offender issues; (4) appoint counsel for Jordan for any evidentiary hearing or other further proceedings the Court deems appropriate; and (5) grant such other and further relief as justice requires.

Respectfully submitted,

Dated: September 10, 2026

DEDRICK DESHON JORDAN
REG. NO. 36171-510
FCI VICTORVILLE MEDIUM I
FEDERAL CORR. INSTITUTION
P.O. BOX 3725
ADELANTO, CA 92301
Appearing *Pro Se*